UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KYLE B. RICHARDS,

        Plaintiff,                Case No. 1:13-cv-171

v.                                    Honorable Robert J. Jonker

UNKNOWN ARP et al.,

        Defendants.

_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

Plaintiff Kyle B. Richards, a prisoner incarcerated at Bellamy Creek Correctional Facility (IBC), has filed an action under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis* but because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Thus, the Court will order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA

was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v.*

*Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the court entered dismissals because the actions were frivolous, malicious, or failed to state a claim. *See, e.g., Colar et al. v. Heyns et al.*, No. 1:12-cv-1269 (W.D. Mich. Jan. 13, 2013); *Richards v. Smith et al.*, No. 1:11-cv-10929 (E.D. Mich. May 16, 2011); *Richards v. Swartz et al.*, No. 2:10-cv-13759 (E.D. Mich. Oct. 14, 2010); *Richards v. Schuster et al.*, No. 2:10-cv-10100 (E.D. Mich. July 8, 2010). In addition, Plaintiff has been denied leave to proceed *in forma pauperis* in at least one other case because he has three strikes. *See Richards v. United States*, No. 2:11-cv-12522 (E.D. Mich. June 20, 2011). Thus, the Court must analyze the complaint to determine whether the allegations therein satisfy the exception to the three-strikes rule for an inmate under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In doing so, the Court recognizes that the imminent-danger exception is a pleading requirement subject to the ordinary principles of notice pleading, *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (citing Fed. R. Civ. P. 8(a)(2)), and that Plaintiff is entitled to have his complaint liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal quotation marks and citations omitted)).

Plaintiff brings this action against his mother, Melissa Richards, his sister, Kaley Richards, and two corrections officers at IBC: (unknown) Arp and (unknown) Balmes. Plaintiff alleges that on January 3, 2013, while he was housed in "2 block" at IBC, he approached the officer's desk to seek help after a confrontation with his cell-mate. (Compl., docket #1, Page ID#2.) Officer Arp "immediately" ran towards Plaintiff and pushed him against the wall "with enough force to

cause severe bruising" to Plaintiff's arm and shoulder. (*Id.*) Arp allegedly told Plaintiff, "I'm going to stomp your head in," and then threatened to rape Plaintiff's mother at her house. (*Id*.) Sometime later, Arp promised to carry out his threats if Plaintiff "reports" him or "files any grievances." (*Id.*) Plaintiff contends that Arp's actions were committed in retaliation for a complaint that Plaintiff had filed against him and other officers, as Arp "appeared angry" about it and "verbally demonstrated" his "resentment." (*Id.* at Page ID#3.) After their confrontation, Arp allegedly wrote a false misconduct report on Plaintiff and ordered that Officer Balmes escort him to another housing unit, "8 block." (*Id.* at Page ID#3.) Plaintiff claims that he is at risk of serious physical injury because Officer Arp works "near" him at the same facility. (*Id.* at Page ID#2.)

Plaintiff further alleges that, while he was escorting Plaintiff to 8 block, Officer Balmes tightened the handcuffs on Plaintiff's wrists, such that the cuffs cut off Plaintiff's circulation and caused "severe cuts and bruising." (*Id.* at Page ID#3.) Plaintiff threatened to file a grievance on Balmes, and Balmes told him, "Not if I write you a ticket first." (*Id.*) Later, Balmes prepared an allegedly false major misconduct report asserting that Plaintiff had spit on him.

On January 20, 2013, Plaintiff sent a letter to his mother and sister warning them about Arp's threat and asking that they contact the FBI or the police. They did not act on Plaintiff's request. Instead, they destroyed his letters, thereby "conceal[]ing" evidence of the actions of Arp and Balmes from the authorities. (*Id.* at Page ID#4.)

Congress did not define "imminent danger" in the PLRA, but it is significant that Congress chose to use the word "imminent," a word that conveys the idea of immediacy. "Imminent" is "Near at hand . . . impending; on the point of happening; threatening, menacing, perilous. Something which is threatening to happen at once, something close at hand, something to happen upon the instant . . . and on the point of happening." BLACK'S LAW DICTIONARY, 514-15

(6th ed. 1991). "Imminent" is also defined as "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, 1130 (1976). "Imminent danger" is "such an appearance of threatened and impending injury as would put a reasonable and prudent man to his instant defense." BLACK'S LAW DICTIONARY, 515 (6th ed. 1991).

The Sixth Circuit has recognized the standard previously adopted by other circuit courts:

> [T]o meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc). Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.* Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," *Ciarpaglini*, 352 F.3d at 331, or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible.'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir.1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

*Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *see also Vandiver*, 416 F. App'x at 561-62 (imminent danger must be contemporaneous with the complaint's filing); *Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007) (holding that assertions of past danger do not satisfy the imminent-danger exception).

The facts alleged fall short of satisfying the imminent-danger exception. Clearly, Plaintiff's mother and sister do not pose a risk of harm to Plaintiff. Furthermore, the physical injuries inflicted by Arp and Balmes in January of 2013 concern dangers that Plaintiff faced in the past. The only allegation raising a possibility of future harm to Plaintiff is Arp's threat to "stomp" Plaintiff's "head in" because Plaintiff had previously filed a complaint against him and other officers. That threat, however, was made during a single, isolated confrontation occurring over a

month prior to the filing of the complaint. Plaintiff does not allege that he had any other contact with Arp, or that Arp took any other action or made any other threats against him, after that time. Consequently, the Court concludes that the risk of harm alleged by Plaintiff was not imminent at the time that the complaint was filed.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.

Dated:     April 17, 2013              /s/ Robert J. Jonker
                                                                   ROBERT J. JONKER
                                                                   UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**